PER CURIAM.
This matter is before the Court on Petition for Approval of Conditional Guilty Plea and Entry of Final Order of Discipline.
On November 7, 1974, The Fifteenth Judicial Circuit Grievance Committee “A” in finding probable cause against the respondent made the following findings:
(a) “The committee finds that accused attorney undertook to represent Ernest E. White as the Administrator of the Estate of Herman J. White, Deceased. The deceased was the brother of the Administrator. There are approximately three or four other heirs to this intestate estate. The decedent died in Palm Beach County on December 25, 1972. On February 23, 1973 an estate was opened with Ernest E. White being appointed Administrator on that date.
(b) At the time of his death decedent had a checking account with the Atlantic National Bank of West Palm Beach in the amount of $9,130.72. During the month of February, 1973 the entire proceeds of this checking account in the amount of $9,130.72 were transferred into the Trust Account of the accused attorney. This account was entitled ‘Earl R. Boyce, Attorney, Trust Account’. Said Trust Account was located in the Bank of Palm Beach and Trust Company, Palm Beach, Florida.
(c) The accused lawyer admitted that he had no other business or personal checking account and that he co-mingled his personal funds with the funds of his clients.
(d) That during the years 1973 and 1974 accused attorney delivered to Mr. White, as Administrator, various sums of money estimated to range from five to seven thousand. dollars. These funds were to have been used by the Administrator for bills against the estate, improvements on the home and maintenance and upkeep on the home. The Administrator and his wife were residing in the home during this period of time.
(e) Accused attorney admitted that he had not kept accurate records of the withdrawals from this account other than his cancelled checks and notations in his office file.
*709 (f) On or about the 19th day of June, 1974, accused attorney issued to Ernest E. White a check in the amount of $50.-00 drawn on said accused attorney’s Trust Account with the Bank of Palm Beach. This check was returned to Mr. White marked ‘insufficient funds’. Thereafter the check was redeposited for collection and was returned the second time marked ‘insufficient funds’.
(g) Administrator White contacted accused attorney who admitted that his account was overdrawn and agreed to give Administrator $150.00 in cash, $50.00 as reimbursement for the worthless check and $100.00 for other expenses to be paid by Administrator.
(h) Accused attorney voluntarily produced his bank statement for the period commencing June 3, 1974 and ending on June 27, 1974. This bank statement shows that there were a total of seven (7) returned items in the Trust Account, including the $50.00 insufficient fund check issued to Ernest E. White.
(i) The personal representative and complaining witness, Ernest E. White, testified before the committee that he had since met with accused attorney and was completely satisfied concerning the explanation given to him by accused attorney. Complaining witness did not wish to change attorneys and desires that accused attorney continue with the representation in this estate. Accused attorney indicated that he and the complaining witness, Ernest E. White, had been working together on the estate and will shortly come up with an accounting. Records of the Probate Division of the Circuit Court of the Fifteenth Judicial Circuit show affirmatively that no inventory was ever filed in the Estate of Homer J. White nor was the Annual Accounting due on April 1, 1974 filed. Accused attorney assured the committee these matters would be done in the immediate future.
(j) The committee finds that such conduct violates the Integration Rule of the Florida Bar, Article XI, Rule 11.-02(4). In addition, violation of Canon I of the Code of Professional Responsibility; Disciplinary Rule 1-102; Canon XI of the Canons of Professional Ethics and Rule 1 of the Additional Rules Governing The Conduct of Attorneys In Florida.
(k) The committee finds probable cause and finds that the aforesaid conduct justifies further disciplinary proceedings by the Florida Bar.”
The petition for approval of Conditional Guilty Plea is granted. Just as the Grievance Committee, the Court finds that the respondent Earl R. Boyce violated the Integration Rule of the Florida Bar, the Code of Professional Responsibility, the Canons of Professional Ethics, and the additional rules governing the conduct of attorneys in Florida. The respondent is hereby disciplined by a public reprimand to be published in the Southern Reporter based upon the facts contained in the finding of probable cause recited above. The publication of this opinion shall serve as the public reprimand to the respondent Earl R. Boyce.
Costs in the amount of $302.10 are hereby taxed against the respondent.
It is so ordered.
ADKINS, C. J., and ROBERTS, BOYD, McCAIN and OVERTON, JJ., concur.